# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

```
* * * * * * * * * * * * * * * * * * *
MARLENE BOGER,                      *
                                    *      No. 19-1755V
              Petitioner,           *      Special Master Christian J. Moran
                                    *
v.                                  *
                                    *      Filed: March 11, 2022
SECRETARY OF HEALTH                 *
AND HUMAN SERVICES,                 *      Entitlement; dismissal.
                                    *
              Respondent.           *
* * * * * * * * * * * * * * * * * * *
```

<u>Mark T. Sadaka</u>, Law Offices of Sadaka Associates, LLC, Englewood, NJ, for petitioner;
<u>Martin C. Galvin</u>, United States Dep't of Justice, Washington, D.C., for respondent.

## UNPUBLISHED DECISION DENYING COMPENSATION[1]

  Marlene Boger alleged that the influenza ("flu") vaccine she received on November 17, 2016, and the Prevnar 13 ("pneumococcal") vaccine she received on December 1, 2016 caused her to develop chronic inflammatory demyelinating polyneuropathy ("CIDP").  Pet., filed Nov. 13, 2019, at Preamble; ¶¶ 2-6.  On February 28, 2022, Ms. Boger moved for a decision dismissing her petition.

### I. Procedural History

  Marlene Boger ("petitioner") filed a petition on November 13, 2019.  After petitioner filed her initial medical records, petitioner's counsel filed a status report on September 15, 2021 indicating that Ms. Boger died on August 31, 2021.  The

---

[1] The E-Government, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4).  Any redactions ordered by the special master will appear in the document posted on the website.

Secretary filed his Rule 4(c) report on November 26, 2021, contesting entitlement. A status conference was then held on December 13, 2021, during which potentially missing records were identified. Petitioner was ordered to file a status report providing an update on petitioner substitution and record gathering.

Subsequently, on February 28, 2022, petitioner moved to dismiss her case. Counsel reports that petitioner's next of kin has decided not to move forward with becoming a representative for Ms. Boger's estate and has requested this case be dismissed. This matter is now ready for adjudication.

## II.    Analysis

To receive compensation under the National Vaccine Injury Compensation Program (hereinafter "the Program"), a petitioner must prove either 1) that the vaccinee suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of the vaccinations, or 2) that the vaccinee suffered an injury that was actually caused by a vaccine. See §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1).  Under the Act, a petitioner may not be given a Program award based solely on the petitioner's claims alone.  Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa-13(a)(1).

In this case, petitioner filed medical records in support of her claim, but nonetheless, wishes to have her claim dismissed and judgment entered against her. Though petitioner filed this motion pursuant to 42 U.S.C. § 300aa—21(a) (regarding voluntary dismissal), the undersigned will construe this as a motion filed pursuant to 42 U.S.C. § 300aa—21(b) (regarding involuntary dismissal), given petitioner's clear intent that a judgment issue in this case, protecting her right to file a civil action in the future.  See Pet'rs' Mot., filed Feb. 28, 2022, ¶ 9.

To conform to section 12(d)(3), a decision must "include findings of fact and conclusions of law."  Here, petitioner has not presented preponderant proof in the form of either a medical record or a medical opinion that either the flu vaccine or the Prevnar 13 vaccine caused her alleged CIDP.

**Thus, the Motion for Decision is GRANTED and this case is DISMISSED WITH PREJUDICE for insufficient proof.  The Clerk shall enter judgment accordingly.**  See Vaccine Rule 21(b).

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master